**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, | ) | |
| Plaintiffs, | ) | Civil No. 12-1369 |
| | ) | Judge Nora Barry Fischer |
| v. | ) | |
| ZOLL LIFECOR CORPORATION, | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is Defendant Zoll LifeCor Corporation's ("Zoll") Motion to Stay, (Docket No. 26), Brief in Support (Docket No 27), Plaintiffs' Koninklijke Philips Electronics NV and Philips Electronics North America Corporation ("Philips") opposition brief (Docket No. 29) and supplement (Docket No. 33), Zoll's Reply (Docket No. 31), Philip's Sur Reply (Docket No. 37) and both parties' post hearing briefs (Docket Nos. 43, 44). Upon consideration of the parties' positions as outlined in briefs and oral argument at the Motion Hearing held on January 14, 2013 (Docket No. 42), Defendant's Motion to Stay (Docket No. 26) is granted, in part and denied in part.

Zoll seeks a stay of proceedings in this case, pending the disposition of Philips v. Zoll Medical, Civil Action 10-11041 (known as the "Massachusetts's matter") in front of Judge Nathanial Gorton in the District of Massachusetts. Trial is set in the liability phase of that case for October 7, 2013. Zoll avers that said Massachusetts case involves six of the eight patents asserted in this case and considerable overlap with the two new asserted patents. Said trial, they contend, would narrow the issues in this case.

On the other side, Philips insists that this case would not be significantly narrowed by the resolution of that action, as the named defendant in this case, Zoll LifeCor Corp., is not a defendant in the Massachusetts case; the accused product here, the LifeVest, is not at issue in that case; and two additional different patents are asserted in this action.

Based on the record, there are multiple litigations pending between these parties. The first is the "Massachusetts Matter," brought by Philips against Zoll Medical on June 18, 2010 in the District of Massachusetts before Judge Gorton. *See Philips v. Zoll Medical*, No. 1:10-cv-11041-NMG (D. Mass. 2010). This suit asserts patent infringement of 15 patents by Zoll's automatic external defibrillators, the type usually hung on walls in public places. Six of these patents are also asserted in this instant case. Judge Gorton has ruled on claim construction and has set a trial date for the liability phase of that case for October 7, 2013. (*Id*. at Docket No. 106; August 18, 2011 Order). Accordingly, opening expert reports and Rule 26 Reports are due by February 15, 2013; fact discovery closes on April 30, 2013 and dispositive motions are due by May 31, 2013. (*Id.*). On February 4, 2013 the parties filed a Joint Motion to Dismiss in the Massachusetts Matter dismissing 7 of Phillips' asserted patents and 3 of Zoll's counter asserted patents. To that end, the Court takes judicial notice that only 1 dismissed patent is part of the Western District of Pennsylvania action and of Philips' 8 remaining patents in the Massachusetts Matter, 5 are also in suit here in Pennsylvania. *See* FED. R. EVID. 201; *Sands v. McCormick,* 502 F.3d 263, 268 (3d Cir. 2007) (judicial proceedings constitute public records and courts may take judicial notice of another court's opinions).

The second litigation was filed against Zoll Medical on January 5, 2012, in the Western District of Washington and subsequently transferred to Judge Gorton in the District of Massachusetts on November 15, 2012. *See Philips v. Zoll,* No. 2:12-cv-18 (W.D. Wash.); 1:12-cv-12255-NMG

(D. Mass. 2012) ("Washington Matter"). That patent infringement case asserts infringement by Zoll's "professional" defibrillators, i.e. the kinds used in hospitals, and is set to have a scheduling conference on March 28, 2013. The third litigation is the instant case, in which Philips avers that Zoll LifeCor's wearable defibrillator, the LifeVest, infringes 8 of its patents. (Docket No. 1). The last action is a suit by Zoll Medical against Philip's subsidiary Respironics Inc. in the District of Delaware, filed on December 27, 2012 involving airway machines. *See Zoll v. Respironics*, No. 12-cv-01778-LPS (D. Del. 2012). Respironics Inc. filed its answer on January 28, 2013. As counsel verified at the hearing, "the same two law firms are representing the parties for all four cases, the two in Massachusetts, the one here, and the one in Delaware." (Docket No. 42 at 35).

The Court notes that district courts have broad power to stay proceedings, "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (quoting *Landis v. North Amer. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Wonderland Nurserygoods Co., Ltd. v. Thorley Indus., LLC*, 858 F. Supp. 2d 461, 463 (W.D. Pa. 2012). In deciding whether to stay litigation in favor of litigation in another federal court, "the general principle is to avoid duplicative litigation." *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976). As such, "a district court may properly consider the 'conservation of judicial resources and comprehensive disposition of litigation,' and attempt to avoid duplicating a proceeding already pending in a federal district court." *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980) (quoting *Kerotest Mfg Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952), *quoted in Colorado River*, 424 U.S. at 817)). In determining whether a stay is appropriate, a court must weigh the

competing interests of the parties to the litigation and address whether any party is prejudiced by the stay order. *See Landis*, 299 U.S. at 254-55; *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983).

The parties' numerous pending litigations in multiple jurisdictions are a burden both on judicial resources and on the parties who are "spending significant dollars in various locales bringing litigation." (Docket No. 42 at 45). As the Court stated at the hearing, if as the parties claim, there have been "fruitful negotiations for a period of time and each time these negotiations have fallen off a cliff, one party decides to bring a lawsuit, how does that benefit the parties involved, the courts that are involved, and ultimately securing resolution?" (*Id.* at 29). Thus the Court suggested at the hearing that a hearty mediation with a skilled mediator experienced in the patent area would be the appropriate next step. (*Id.* at 45). At the hearing, Plaintiffs' counsel stated "Philips would be agreeable to additional mediation in this Court". (*Id*. at 29). Indeed in its brief, "Phillips agrees with the Court's suggestion to engage a mediator with both legal and technical experience." (Docket No. 43 at 8). Zoll notes as well that as "the parties' settlement discussions to date have uniformly contemplated that any settlement would necessarily resolve all of the defibrillator actions, including this one…Zoll joins Philips in the willingness that Philip expressed at the hearing to participating in early ADR procedure in this Court." (Docket No. 44 at 4).

Given the parties' agreement and the status of the above-described patent infringement litigations, it is this Court's view that the parties could benefit from Court annexed mediation, the costs of which are borne by the parties, with a neutral skilled in patent litigation who may be able to settle these matters on a global basis. Accordingly, the parties are ordered to participate in the

Western District of Pennsylvania's Alternative Dispute Resolution (ADR) program. *See* Court's ADR Policies and Procedures www.pawd.uscourts.gov.

The Western District of Pennsylvania has a well-regarded Alternative Dispute Resolution ("ADR") Program, governed by its Local Rule of Practice 16.2 that mandates the use of ADR, by either mediation, early neutral evaluation and/or arbitration in all civil cases (except social security and those involving prisoners). *See* Local Rule 16.2; Local Patent Rule 1.5; Court's ADR Policies and Procedures www.pawd.uscourts.gov. This Court maintains a list of neutrals specially qualified in the patent arena. http://www.pawd.uscourts.gov/Applications/pawd_adr/Pages/ListSelNeutral.CFM. Further, in the Western District, the parties are jointly responsible for the cost of the mediation and are expected to complete the ADR within the 60 days of the initial case management conference. *Id.* at Court's ADR Policies and Procedures 3.4.[1]

With accord that the most efficient step towards comprehensive disposition of the subject disputes is Court annexed mediation, the Court with its "broad power to stay proceedings," grants in part, Zoll's Motion and stays all other activity in this proceeding until conclusion of said mediation. *Bechtel Corp.*, 544 F.2d at 1215; *Complaint of Bankers Trust Co.* 636 F.2d at 40.

The instant civil action is thus designated for placement into the United States District Court for the Western District of Pennsylvania's Alternative Dispute Resolution (ADR) program. The parties are directed to fully comply with Local Rule 16.2 and the Court's ADR Policies and Procedures, which can be accessed at the Court's website at www.pawd.uscourts.gov. As a party

1 The Court understands that ADR in the District of Massachusetts is "encouraged," but not mandatory, and without costs to the participants. *See* District of Mass. Local Rule 16.4; http://www.mad.uscourts.gov/attorneys/pdf/Attorney_Guide.pdf. A majority of cases referred to ADR in that District are assigned to magistrate judges of the Court. In this instance, the parties mediated before Magistrate Judge Jennifer Boal on January 11, 2013 and the case was not resolved. (Docket No. 125 at Civil Action 10-cv-11041-NMG).

involved in related litigation, representatives of Zoll Medical Corporation are strongly encouraged to participate in said mediation. Last, given past unsuccessful settlement attempts, the Court advises that it expects all parties and counsel to proceed in good faith. *See* ADR Policies and Procedures 2.4. (If a party files a motion with the Court alleging matters such as bad faith the assigned US District Judge may adjudicate the motion or may elect to request another judge to do so.) To the extent any party and/or counsel fails to adhere to the Court's ADR Policies, then and in that event, the Court will entertain motions for sanctions.

For these reasons,

IT IS HEREBY ORDERED that Zoll's Motion [26] is denied to the extent that the parties shall participate in the United States District Court for the Western District of Pennsylvania's Alternative Dispute Resolution (ADR) program in compliance with Local Rule 16.2.

IT IS FURTHER ORDERED that Zoll's Motion [26] is granted to the extent that this action, in all other respects except as outlined below, is stayed until conclusion of Court annexed mediation.

IT IS FURTHER ORDERED that the attorneys of record will jointly submit to the Court a stipulation selecting an ADR process and neutral (pursuant to Revised Local Rule 16.2) by no later than **February 15, 2013 at 12:00 p.m.** The parties shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) ("Initial Disclosures") in accord with Local Patent Rule 3.1 by **February 28, 2013** in preparation for said mediation. Mediation shall be concluded by **April 30, 2013** and a report by the neutral shall be promptly filed. Thereafter the Court will hold a status conference to address any and all remaining issues on **May 7, 2013 at 2:00 p.m.**

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Court

Date:   February 6, 2013
cc/ecf: All counsel of record.