IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, </br></br>    Plaintiffs, </br></br> v. </br></br> ZOLL LIFECOR CORPORATION, </br></br>    Defendant. | Civil No. 12-1369 </br> Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiffs' Koninklijke Philips N.V. and Philips Electronics North America Corporation ("Philips") Motion to Lift Stay, (Docket No. 81), and Brief in Support, (Docket No. 82), wherein they request the Court to lift a stay imposed on February 6, 2013 (Docket No. 45), now that mediation has been completed. Defendant Zoll Lifecor Corporation ("Zoll") opposes, arguing that the interests of efficiency and economy dictate that the stay remain in place until the completion of a related trial in October in the District of Massachusetts. (Docket No. 85). Upon consideration of the parties' positions as outlined in briefs and oral argument at the motion hearing held by telephone on July 11, 2013, (Docket No. 88), Plaintiffs' Motion to Stay, (Docket No. 81), is GRANTED.

This is a patent infringement action filed on September 21, 2012 accusing Zoll Lifecor of infringing eight of Philips' defibrillator patents related to Zoll's wearable defibrillator, the LifeVest. (Docket No. 1). There are multiple nationwide lawsuits pending between these parties. The first case is the "Massachusetts Matter" brought by Philips against Zoll Medical on June 18,

1

2010 in the District of Massachusetts before Judge Gorton. *See Philips v. Zoll Medical*, No. 1:10-cv-11041-NMG (D. Mass. 2010). This suit asserts patent infringement of eight patents by Zoll's automatic external defibrillators, the type usually hung on walls in public places. Five of the patents in the Massachusetts Matter are also asserted in the instant case. Summary judgment motions have been filed and the liability phase trial is set to commence on October 7, 2013. (*See* Tx. Order of 8/18/11 in Civ. No. 10-11041). A second case was filed against Zoll Medical on January 5, 2012, in the Western District of Washington and was subsequently transferred to Judge Gorton in the District of Massachusetts on November 15, 2012. *See Philips v. Zoll*, No. 2:12-cv-18 (W.D. Wash.); 1:12-cv-12255-NMG (D. Mass. 2012) ("Washington Matter"). The Washington Matter asserts infringement by Zoll's "professional" defibrillators, i.e. the kinds used in hospitals. The Markman hearing in this case is set for March 13, 2014, fact discovery ends June 30, 2014, expert discovery ends October 15, 2014, and dispositive motions are due by November 15, 2014. The Court has set a March 2, 2015 trial on liability. Following this trial, there will be a combined trial on the issues of willfulness and damages for the two Massachusetts matters. The third litigation is the instant case. The last action is a suit by Zoll Medical against Philip's subsidiary Respironics Inc. in the District of Delaware, filed on December 27, 2012, involving airway machines. *See Zoll v. Respironics*, No. 12-cv-01778-LPS (D. Del. 2012). Respironics Inc. has filed a pending Motion to Stay Pending *Inter Partes Review* of those at issue patents. (Docket No. 18 at Civ. No. 12-1778 D. De.) As counsel verified "the same two law firms are representing the parties for all four cases, the two in Massachusetts, the one here, and the one in Delaware." (Docket No. 42 at 35).

In light of this multi-front litigation, on February 6, 2013, the Court denied Defendant's request for a general stay and ordered the parties to proceed to mediation given this Court's

robust ADR program.[1] (Docket No. 45). The matter did not resolve, (Docket No. 53), and the parties then litigated the propriety of sanctions related to this mediation, which were denied by Chief Magistrate Judge Lenihan following hearing and argument. (Docket No. 75).

District courts have broad power to stay proceedings, "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (quoting *Landis v. North Amer. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Wonderland Nurserygoods Co., Ltd. v. Thorley Indus., LLC*, 858 F. Supp. 2d 461, 463 (W.D. Pa. 2012). In deciding whether to stay litigation in favor of litigation in another federal court, "the general principle is to avoid duplicative litigation." *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976). As such, "a district court may properly consider the 'conservation of judicial resources and comprehensive disposition of litigation,' and attempt to avoid duplicating a proceeding already pending in a federal district court." *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980) (quoting *Kerotest Mfg Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). In determining whether a stay is appropriate, a court must weigh the competing interests of the parties to the litigation and address whether any party is prejudiced by the stay order. *See Landis*, 299 U.S. at 254-55; *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983).

Defendant now opposes a stay for the same reasons it argued in its original request for a stay, mainly due to the Massachusetts trial in October. (Docket Nos. 26, 27). The Court has

---

[1] The Western District of Pennsylvania has a well-regarded Alternative Dispute Resolution ("ADR") Program, governed by its Local Rule of Practice 16.2 that mandates the use of ADR, by either mediation, early neutral evaluation and/or arbitration in all civil cases (except social security and those involving prisoners). *See* Local Rule 16.2; Local Patent Rule 1.5; Court's ADR Policies and Procedures www.pawd.uscourts.gov. In fact, the Western District has been selected as one of ten districts to be studied for further study to develop best practices in ADR across the federal judiciary.

already considered those arguments, and rejected Defendant's request for a general stay. (Docket No. 45). The Court granted a partial stay in order to send the parties to mediation. (*Id.*). To the extent that Defendant asserts that the current progress of the Massachusetts Matter should serve as the basis for the Court to reevaluate or reconsider its prior ruling, the Court remains unpersuaded that a general stay of this case is appropriate in light of the legal principles advocated by the Plaintiff. Instead, the appropriate course is to proceed with this litigation given the fact it was filed in this Court on September 21, 2012. (Docket No. 1). In weighing the parties' interests and possibility of prejudice, the Court is mindful that the parties are in agreement that regardless of the conclusion reached in the Massachusetts jury trial, this matter will remain. (Docket No. 89 at 6-9) The products in the Massachusetts Matter are different and 3 of the patents at issue here are not being litigated in Massachusetts. (*Id.*). Additionally, this case was filed nearly a year ago, and the Court has already granted Defendant an eight month partial stay. (Docket No. 45). As with every case on its docket, the Court is tasked with moving this matter expeditiously. *Bechtel Corp.*, 544 F.2d at 1215 (3d Cir. 1976).

With these considerations in mind, the Court grants Plaintiffs' Motion to Lift the Stay, but in doing so, sets a scheduling order cognizant of counsel's responsibilities to their clients in other jurisdictions.[2] The Court thus delays certain deadlines with the goal of avoiding any duplicative work for either counsel or this Court. Since Plaintiffs seek to lift the stay, the onus will fall on their shoulders to bear the risk of undertaking any duplicative work, such as working on infringement contentions for patents that may be found invalid by the Massachusetts jury trial setting. In setting forth this schedule, the Court intends to conserve judicial and client resources,

---

[2] The Court is aware that the same counsel working in this matter are currently preparing for this October trial and owe both that Court and their clients a duty to control their "work load so that each matter can be handled competently." *See* Rules of Prof. Conduct, Rule 1.3, 42 Pa. C. S. Rule 1.3 (Comment 2); ABA Model Rules of Professional Conduct Rule 1.3 (Comment 2). To that end, Plaintiffs, in requesting the stay to be lifted, have assured the Court that they are prepared to work concurrently on this litigation and the other matters. (Docket No. 89 at 18).

but also to ensure that this case moves forward "rather than [] languish on the court's docket indefinitely." *Int'l Fid. Ins. Co. v. Podlucky*, Civ. No. 07-0235, 2007 WL 2752139 (W.D. Pa. Sept. 18, 2007) (Lancaster, J.)

Accordingly, IT IS HEREBY ORDERED the Plaintiffs' Motion is Granted [81], and the case will proceed in compliance with the provisions of Local Rule 16 and the Local Patent Rules as outlined in the order that follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Court

Date:   July 24, 2013
cc/ecf:  All counsel of record.