IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ZOLL LIFECOR CORPORATION, <br><br> Defendant. | Civil No. 12-1369 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This Motion to Compel was referred to Special Master Gale R. Peterson for a report and recommendation. On August 22, 2014, the Special Master issued a Report and Recommendation, in which he recommended that the motions be granted, in part, and denied, in part. (Docket No. 240). Plaintiff filed objections on September 2, 2014, (Docket Nos. 237, 239), and Defendant filed its opposition on September 8, 2014, (Docket No. 243). After *de novo review* of the motion, together with the Report and Recommendation, Objections thereto, and Opposition thereof, and for the reasons following, the Court overrules, in part, Plaintiff's objections. It shall be required to provide Rule 30(b)(6) witnesses and an interrogatory response as ordered, on or before September 24, 2013, the close of fact discovery in this case.

   a. *Topics 35–37*

In objecting to the Special Master's Report and Recommendation as to Topics 35–37, Plaintiff generally protests the duplicative nature of the requested testimony and misplaced reliance upon *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 66–67 (Fed. Cir. 2012). The Court notes that Plaintiff fails to point out testimony directly duplicative of that requested under Topics 35–37. The Topics for which Plaintiff produced Rule 30(b)(6)

1

witnesses, while arguably in the same ballpark as Defendant's current requests, are not exactly the same as the current requests seek information specific at to *Plaintiffs'* practices relating to *accessories*, whereas previous requests sought information relating either to Defendant's products/accessories or to Plaintiff's products that embody the patents at issue.  Additionally, the requirement that counsel will familiarize themselves with the previous deposition testimony before conducting this deposition should adequately serve to eliminate duplicative testimony and reduce the time necessary in the actual deposition.

Further, to the extent Defendant seeks this information through the *LaserDynamics* lens, this Court has yet to find, one way or the other, whether the accused products in this case fall within the *LaserDynamics* framework.  As such, Defendants may seek information regarding same so that Defendant may be prepared if the issue should arise at a possible damages phase of this case.[1]

b. *Topic 33 & Interrogatory Number 13*

Because Plaintiff does not object to the Special Master's Recommendation as to Topic 33 and Interrogatory Number 13, his opinion is adopted as that of the Court.

c. *Topic 11*

While the Court agrees with Plaintiff that the full scope of this request is more suited to expert discovery, Defendant's limitation that it "only seeks *factual* information within Philips' knowledge regarding design alternatives," (Docket No. 243 at p.6, n.4 (emphasis added)), fully assuages Plaintiff's concern.  Further, to the extent that Plaintiff argues this request is duplicative, it recognizes that the request "splits the finest of hairs."  (Docket No. 239 at p. 9).  This argument, in itself, recognizes that the request is non-duplicative.

---

[1] Parties should also consult *VernetX, Inc. v. Cisco Sys., Inc.*, No. 13-1489, slip op. at 24–33 (Fed. Cir. Sept. 16, 2014) (clarifying the *LaserDynamics* framework).

*d. Plaintiff's Further Objections*

Plaintiff's argument that the Special Master's failure to include a time limit exposes it to an undue burden is well taken. However, the Court feels its proposal of one hour for each deposition is inadequate to produce the discovery authorized. As such, Defendants shall be limited to a total of seven hours. *See* FED. R. CIV. P. 30(d)(1).

Additionally, Plaintiff's request to limit the deposition testimony to this case is explicitly rejected. To the extent the parties have an agreement in place, they are to follow that, but Plaintiff has not demonstrated need for additional restrictions. Indeed, Plaintiff had the opportunity to consolidate this case with the other pending cases or, in the alternative, to stay this case in favor of those cases. It refused. (Docket Nos. 29, 33, 37, 43). To that end, Plaintiff has subjected itself to discovery rulings within the discretion of each assigned District Court Judge. *See Stich v. United States*, 730 F.2d 115, 117–18 (3d Cir. 1984) ("[T]he conduct of discovery is also committed to the sound discretion of the district court.").

AND NOW, this 16th day of September, 2014, upon consideration of Defendant's Motion to Compel, (Docket No. [205]), Defendant's Brief in Support of Motion to Compel, (Docket No. [206]), Plaintiff's Response (Docket No. [218]), and Defendant's Reply (Docket No. [224]), the Special Master's Report and Recommendation concerning said Motion, (Docket Nos. [230], [240]), Plaintiff's Objections thereto (Docket Nos. [237], [239]), and Defendant's Opposition to Plaintiff's Objection (Docket No. [243]),

IT IS HEREBY ORDERED that the Special Master's Report and Recommendation is adopted, in part, as the Opinion of the Court.

IT IS FURTHER ORDERED Defendant's Motion to Compel (Docket No. [205]) is GRANTED, in part, and DENIED, in part as follows:

1. Defendant's motion is GRANTED to the extent that Plaintiff is hereby ordered to provide a Rule 30(b)(6) witness on Topics No. 35, 36, and 37 subject to the limitation that testimony will be limited to factual information relating to the issue of "smallest salable patent-practicing unit" per *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 66–67 (Fed. Cir. 2012). Said deposition shall be scheduled and taken by **September 24, 2014**.

2. Defendant's motion is DENIED to the extent that it seeks to compel Philips to produce a Rule 30(b)(6) on Topic No. 33 and is GRANTED to the extent that it seeks a complete narrative response to Interrogatory No. 13 on or before **September 24, 2014**.

3. Defendant's motion is GRANTED to the extent that Plaintiff is hereby ordered to produce a Rule 30(b)(6) on topic 11, as revised, namely "the alleged advantages, if any, that Philips believes cannot be realized without practicing the asserted patents," limited to "factual information within Philips' knowledge regarding design alternatives."

4. Defendant is advised that they should fully read and acquaint themselves with the prior related deposition testimony before conducting any deposition under any of the subject Topics.

5. Defendant is limited to seven total hours of deposition time for the above-ordered depositions. Plaintiff's counsel's statements and/or arguments and/or objections are not to be counted against said time limit. *See Hall v. Clifton Precision, a Div. of Litton Sys, Inc.*, 150 F.R.D. 525, 528–29 (E.D.Pa. 1993).

IT IS FINALLY ORDERED that all other provisions of the Court's previous Scheduling Order dated July 24, 2013, (Docket No. [91]), as modified by the Court's later Orders dated July 14, 2014 and August 20, 2014, (Docket Nos. [191], [220]), shall remain in effect.

    s/Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.