# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____ )
                               )
KONINKLIJKE PHILIPS N.V. and    )
PHILIPS ELECTRONICS NORTH       )
AMERICA CORPORATION,            )
                               )
               Plaintiffs,      )        Civil Action No. 2:12-cv-1369
                               )
        v.                      )        Judge Nora Barry Fischer
                               )
ZOLL LIFECOR CORPORATION,       )
                               )
               Defendant.       )
_____ )


## MEMORANDUM IN SUPPORT OF DAUBERT MOTION TO EXCLUDE IMPROPER EXPERT TESTIMONY OF MARK J. CHANDLER

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................... 1

II.     LEGAL STANDARDS ................................................................................... 1

III.    BACKGROUND ............................................................................................ 2

IV.   ARGUMENT ................................................................................................. 3

      A.     Mr. Chandler's Report Does Not Aid the Jury in Resolving the Question of Damages ......................................................................................... 3

      B.     Mr. Chandler's Testimony Is a Needless Presentation of Cumulative Evidence that Would Cause Undue Delay and Risk Confusing the Jury ............... 5

V.     CONCLUSION.............................................................................................. 9

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Daubert v. Merrell Dow Pharm., Inc.,*
509 U.S. 579 (1993)..................................................................................1, 2

*Fabrizi v. Rexall Sundown, Inc.,*
No. CIV.A. 01-289, 2004 WL 1202984 (W.D. Pa. June 2, 2004)...........................5

*Goldstein v. Centocor,*
No. 05-21515 COV, 2007 WL 61913 (S.D. Fla. Jan. 5, 2007) ...............................9

*Hartle v. FirstEnergy Generation Corp.,*
7 F. Supp. 3d 510 (W.D. Pa. 2014).........................................................2, 7

*In re Paoli R.R. Yard PCB Litig.,*
35 F.3d 717 (3d Cir. 1994)....................................................................2

*In re TMI Litig.,*
193 F.3d 613 (3d Cir. 1999)...................................................................2

*Kumho Tire Co. v. Carmichael,*
526 U.S. 137 (1999)...........................................................................1

*Leefe v. Air Logistics, Inc.,*
876 F.2d 409 (5th Cir. 1989) .................................................................5

*Micro Chem., Inc. v. Lextron, Inc.,*
317 F.3d 1387 (Fed. Cir. 2003)................................................................1

*Price v. Fox Entm't Grp., Inc.,*
499 F. Supp. 2d 382 (S.D.N.Y. 2007).........................................................7

*Robinson v. Ford Motor Co.,*
967 F. Supp. 482 (M.D. Ala. 1997) ..........................................................5

*Schneck v. Int'l Bus. Machs. Corp.,*
No. 92-4370 (GEB), 1996 WL 885789 (D.N.J. June 25, 1996) ..............................5

*Schneider ex rel. Estate of Schneider v. Fried,*
320 F.3d 396 (3d Cir. 2003)...................................................................2

*Summit 6, LLC v. Samsung Elecs. Co.,*
802 F.3d 1283 (Fed. Cir. 2015)...............................................................1

*Sunstar, Inc. v. Alberto-Culver Co.,*
Nos. 01 C 0736, 01 C 5825, 2004 WL 1899927 (N.D. Ill. Aug. 23, 2004).....................5, 9

*Tunis Bros. Co. v. Ford Motor Co.*,
    124 F.R.D. 95 (E.D. Pa. 1989) ................................................................................7

**Rules**

Fed. R. Evid. 403 ........................................................................... *passim*

Fed. R. Evid. 702 ........................................................................... *passim*

## I.       INTRODUCTION

Of the eight expert witnesses Zoll seeks to rely on at trial, the opinions of Mr. Chandler should be excluded because they do not aid the trier of fact and are cumulative to the opinions of Zoll's primary damages expert, Dr. Vellturo. While Mr. Chandler opines on damages issues, he does not offer an opinion on the amount of damages that should be awarded in this case. Instead, Mr. Chandler's rebuttal expert report purports to identify flaws in Philips's damages expert's opinions, but his analysis ends there. A partial damages analysis, which merely identifies alleged deficiencies with nothing more, will not aid the fact finder in deciding the amount of damages to award, especially when Mr. Chandler's testimony is cumulative over that of Dr. Vellturo's. Zoll's plan to present two experts whose testimony will be largely duplicative will cause unnecessary delay to Philips's prejudice, based on the potential for confusing the jury and the undue weight that a jury may give to the same opinion proffered by two Zoll testifying experts. Accordingly, under Federal Rules of Evidence 702 and 403, Mr. Chandler should be precluded from testifying at trial.

## II.      LEGAL STANDARDS

The Supreme Court's landmark decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), emphasized the role of district courts as gatekeepers to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597.[1]

The admissibility of expert testimony is a procedural issue not unique to patent law, and accordingly is governed by the law of the regional circuit. *See Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1294 (Fed. Cir. 2015); *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387,

---

[1] While the *Daubert* decision applied exclusively to scientific testimony, *id.* at 590 n.8, the Supreme Court later extended the gatekeeping function of district courts under Rule 702 to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

1390–91 (Fed. Cir. 2003). The United States Court of Appeals for the Third Circuit has held that Rule 702 "embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (citations omitted); *see also Hartle v. FirstEnergy Generation Corp.*, 7 F. Supp. 3d 510, 514 (W.D. Pa. 2014). The offering party must establish all three requirements by a preponderance of evidence. *In re TMI Litig.*, 193 F.3d 613, 663 (3d Cir. 1999) (citing *Daubert*, 509 U.S. at 592 n.10), *amended by*, 199 F.3d 158 (3d Cir. 2000); *Hartle*, 7 F. Supp. 3d at 514.

Federal Rule of Evidence 702, which requires that the offered expert testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," is often called the "fit" requirement. *Hartle*, 7 F. Supp. 3d at 516. To satisfy this requirement, the expert testimony must not only be relevant, but also must assist the trier of fact with resolving an issue in the case. *Schneider*, 320 F.3d at 404; *see also In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742–43 (3d Cir. 1994) ("Rule 702 requires that the expert's testimony must assist the trier of fact.").

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 operates in conjunction with Rule 702, and because of the powerful nature of expert testimony and its potential to mislead, a "judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Daubert*, 509 U.S. at 595. This court has applied Rules 403 and 702 to preclude redundant and cumulative expert testimony that would not assist the finder of fact. *Hartle*, 7 F. Supp. 3d at 525–26.

## III. BACKGROUND

Dr. Vellturo and Mr. Chandler both submitted rebuttal expert reports challenging

Philips's expert, Mr. Jarosz's opinion on damages. Mr. Chandler's 69-page report analyzes alleged shortcomings in Mr. Jarosz's report but does not include a reasonable royalty damages analysis or reach an alternate damages figure to be awarded in this case. (Ex. A, June 26, 2015, Chandler Rep.) Dr. Vellturo's 107-page report reviews Mr. Jarosz's analysis and provides a full explanation of many of the same alleged shortcomings. (Ex. B, June 26, 2015, Vellturo Rep. ¶¶ 86-160.) More notably, Dr. Vellturo's report goes through a complete reasonable royalty analysis, (*id.* ¶¶ 163-169), analyzes each Georgia Pacific Factor, (*id.* ¶¶ 170-269), and ultimately arrives at an alternate damages figure that he claims should be awarded in this case, (*id.* ¶ 272).

## IV.   ARGUMENT

Mr. Chandler's rebuttal expert report does not include a complete damages analysis and does not offer an opinion on the amount of damages that should be awarded in this case. His testimony will not help the finder of fact resolve the issue of damages, and in fact, may confuse the jury as to why they are hearing about the same alleged flaws in Mr. Jarosz's damages analysis from two different experts. Thus, in addition to being cumulative, Mr. Chandler's testimony could lead to jury confusion.

### A.   Mr. Chandler's Report Does Not Aid the Jury in Resolving the Question of Damages



But Mr. Chandler does not perform a reasonable royalty damages analysis or offer any opinions as to the correct damages award in this case. He admitted as much in his deposition when he stated, ███████████████████████████████████ ███████████████████████████████████████ fact, Mr. Chandler admitted that he did not form *any* opinion ███████████████████████████

███████████████████████

████████████████████████████

███

████████████████████████

█ ██████████████████████████████████

██████████████████████████ His testimony on "████████████"
in general and the alleged flaws in the licensing aspects of Mr. Jarosz's damages analysis will
not help the finder of fact resolve the issue of damages. Mr. Chandler does not explain how these
alleged flaws would affect the amount of damages that Philips would be entitled to in this case.

Dr. Vellturo, who actually performed a damages analysis, ████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

███████████████████ Expert testimony may be excluded

4

under Rule 403 if its probative value is substantially outweighed by the danger of, for example, needlessly presenting cumulative evidence, causing undue delay, wasting time, or confusing the jury. *See* Fed. R. Evid. 403. All of these dangers are present with respect to Mr. Chandler's testimony.

### B.    Mr. Chandler's Testimony Is a Needless Presentation of Cumulative Evidence that Would Cause Undue Delay and Risk Confusing the Jury

Furthermore, Mr. Chandler's report is cumulative of Dr. Vellturo's report on damages. Mr. Chandler adds nothing beyond the more complete analysis offered by Dr. Vellturo, which not only identifies alleged flaws in Mr. Jarosz's damages analysis, but also provides an independent analysis of damages and arrives at a competing damages figure. "[E]xpert testimony that 'simply parrots the opinion of another does not assist the trier of fact, and thus, is inadmissible under Rule 702.'" *Fabrizi v. Rexall Sundown, Inc.*, No. CIV.A. 01-289, 2004 WL 1202984, at \*10 (W.D. Pa. June 2, 2004) (quoting *Robinson v. Ford Motor Co.*, 967 F. Supp. 482, 487 n.2  (M.D. Ala. 1997), *aff'd*, 144 F.3d 56 (11th Cir. 1998)). Mr. Chandler's cumulative testimony should not be permitted.

When a party offers two experts on a single issue, it is proper to exclude a second expert whose opinions add nothing beyond the opinions offered in the first expert's report. *Schneck v. Int'l Bus. Machs. Corp.*, No. 92-4370 (GEB), 1996 WL 885789, at \*25 (D.N.J. June 25, 1996) ("Such repetition serves no useful purpose and is merely cumulative."); *Sunstar, Inc. v. Alberto-Culver Co.*, Nos. 01 C 0736, 01 C 5825, 2004 WL 1899927, at \*25 (N.D. Ill. Aug. 23, 2004). Courts prohibit these types of cumulative experts "to discourage attorneys from parading additional experts before the court in the hope that the added testimony will improve on some element of the testimony by the principal expert." *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989). That is exactly what Zoll is attempting to do in this case.

Here, Mr. Chandler's report and testimony adds very little to the opinions that were offered or could have been offered by Dr. Vellturo. Mr. Chandler's report only identifies alleged flaws in Mr. Jarosz's damages analysis. Mr. Chandler does not explain *how* these alleged flaws would affect the damages award in this case. Dr. Vellturo, on the other hand, not only identifies many of the same alleged flaws, but also provides an independent reasonable royalty damages analysis and proposes his own damages figure.

Moreover, Dr. Vellturo and Mr. Chandler have similar experience and qualifications in intellectual property valuation. (*See* Ex. A, June 26, 2015, Chandler Rep. ¶ 1 ("I specialize in the valuation and licensing of intellectual property ('IP') and technology, including empirical analysis in the areas of IP, patent valuation, breach of contract and commercial transactions."); Ex. B, June 26, 2015, Vellturo Rep. ¶ 2 ("I have extensive experience in the valuation of intellectual property and in the assessment of economic injury/damages sustained as a result of copyright, trademark, and/or patent infringement.").) Mr. Chandler is presenting cumulative opinions, from only a slightly different perspective than Dr. Vellturo, based on his background in licensing, on the same issue of damages. ████████ A mere difference in perspective is not a basis for allowing cumulative expert testimony. This court has applied Rule 403 to exclude cumulative

testimony from a second expert even when the two experts had different backgrounds and offered opinions from different "standpoint[s]." *See Hartle*, 7 F. Supp. 3d at 525.

Significant sections of Mr. Chandler's rebuttal report overlap sections of Dr. Vellturo's rebuttal report. Other courts in this circuit have excluded testimony from a second expert that merely tracks or restates the testimony of a first expert. *See, e.g.*, *Tunis Bros. Co. v. Ford Motor Co.*, 124 F.R.D. 95, 98 (E.D. Pa. 1989). Similarly, courts have excluded expert reports and precluded experts from testifying if their report substantially overlaps with another expert's report. *See, e.g.*, *Price v. Fox Entm't Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007) (determining that due to "substantial overlap between the reports . . . there is absolutely no need for both experts to testify."). This type of unwarranted repetition is especially evident in the two paragraphs compared below:



This cumulative pattern extends to Mr. Chandler's and Dr. Vellturo's reports on the Georgia Pacific Factors. In Mr. Chandler's opinion, Mr. Jarosz's analysis allegedly overlooked information that affected his analysis of ████████████████████ (Ex. A, June 26, 2015, Chandler Rep. ¶¶ 173-184.) While focusing on these three factors, Mr. Chandler only points out facts that Mr. Jarosz allegedly "overlooked" and does not then apply the Georgia Pacific Factors to arrive at his own reasonable royalty and damages figure. Dr. Vellturo also identifies what he considers to be flaws in Mr. Jarosz's Georgia Pacific Factors analysis. (Ex. B, June 26, 2015, Vellturo Rep. ¶¶ 102-105.) But then, unlike Mr. Chandler, Dr. Vellturo actually

attempts to do a more-thorough damages analysis, evaluating each Georgia Pacific Factor to ultimately present a competing damages number. (*Id.* ¶¶ 170-272).

Permitting Mr. Chandler to testify on licensing and the Georgia Pacific Factors, largely echoing Dr. Vellturo's damages analysis and adding nothing new, runs the risk that the jury will simply "count heads" and be unduly influenced by the number of experts testifying, rather than the substance of the testimony. *Sunstar*, 2004 WL 1899927, at *29 (explaining the "unfair possibility that jurors will resolve competing expert testimony by 'counting heads' rather than evaluating the quality and credibility of the testimony"); *see also Goldstein v. Centocor*, No. 05-21515 COV, 2007 WL 61913, at *2 (S.D. Fla. Jan. 5, 2007) ("The clear suggestion is that defendant wants to tell the jury that 'not one, not two, but three [experts] have told you . . .'. While this is quite understandable, it will not be permitted."). This Court should not allow Zoll to present multiple experts on the same issue. Testimony from eight expert witnesses will inevitably cause delay, waste time, and, for reasons explained above, may risk confusing the jury.[2]

## V.    CONCLUSION

For these reasons, Philips respectfully requests that this court grant Philips's Daubert Motion to Exclude the Improper Expert Testimony of Mr. Mark J. Chandler.

---

[2] Zoll also offers Dr. David G. Benditt on the issue of damages and Patrick du Monceaux on the damages-related issues of sales and marketing. Zoll offers cumulative experts on other issues. For example, Zoll offers Dr. Berger and Dr. McDaniel as experts on the issue of invalidity. In addition, Zoll intends to present Dr. Sándor J. Kovács as an expert on the issue of non-infringement and Dr. Suzanne Sorof as an expert on clinical uses and benefits of the LifeVest.

Dated:  November 3, 2016                    Respectfully submitted,

                                            /s/ *Dara DeCourcy*
                                            Robert F. Shaffer
                                            J. Michael Jakes
                                            Susan Y. Tull
                                            David K. Mroz
                                            FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, L.L.P.
                                            901 New York Avenue NW
                                            Washington, DC 20001-4413
                                            robert.shaffer@finnegan.com
                                            mike.jakes@finnegan.com
                                            susan.tull @finnegan.com
                                            david.mroz@finnegan.com
                                            Telephone: (202) 408-4000
                                            Facsimile: (202) 408-4400

                                            George N. Stewart
                                            Pa. I.D. #39362
                                            Dara DeCourcy
                                            Pa. I.D. #30220
                                            ZIMMER KUNZ, PLLC
                                            132 South Main Street; Suite 400
                                            Greensburg, PA 15601
                                            stewart@zklaw.com
                                            decourcy@zklaw.com
                                            Telephone: (724) 836-5400
                                            Facsimile: (724) 836-5149

                                            **Attorneys for Plaintiffs**
                                            **KONINKLIJKE PHILIPS N.V. and**
                                            **PHILIPS ELECTRONICS NORTH**
                                            **AMERICA CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was electronically filed with the Court on November 3, 2016. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/Dara DeCourcy*
> Dara A. DeCourcy
> Pa. I.D. #30220
> ZIMMER KUNZ, PLLC
> 132 South Main Street; Suite 400
> Greensburg, PA 15601
> (724) 836-5400
> decourcy@zklaw.com