IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br><br>             Plaintiffs,<br><br>     v.<br><br>ZOLL LIFECOR CORPORATION,<br><br>             Defendant. | Civil No. 12-1369<br>Judge Nora Barry Fischer |

## Memorandum Order and Opinion

Now pending before the Court are Defendant ZOLL LifeCor's ("ZOLL") Objections to the Special Master's Report and Recommendation on the Parties' *Daubert* Motions, (Docket No. 693), and Plaintiff Koninklijke Philips's ("Philips") Objections to the Special Master's Report and Recommendation on the Parties' *Daubert* Motions, (Docket No. 694). Philips filed a brief in opposition to ZOLL's objections, (Docket No. 705), and ZOLL filed a brief in opposition to Philips's objections, (Docket No. 708). Thereafter, Philips filed a reply in support of its objections, (Docket No. 713), to which ZOLL filed a sur-reply, (Docket No. 716). The objections are now ripe for disposition.

Factual and Procedural History[1]

Philips brings this civil action against ZOLL for patent infringement under 35 U.S.C. § 271. The patents in suit are U.S. Patent Nos. 5,593,427; 5,607,454; 5,735,879; 5,749,904; 5,749,905; 5,803,927; 5,836,978, and 6,047,212 (the "Patents-in-Suit"). These patents are

---

[1] For more on this litigation saga's history, *see Koninklijke Philips, N.V. v. Zoll Medical Corporation*, No. 10-11041 (D. Mass. filed June 18, 2010); *Koninklijke Philips, N.V. v. Zoll Medical Corporation*, No. 12-12255 (D. Mass. filed Dec. 5, 2012).

1

directed at electrotherapy methods for defibrillators, allegedly including ZOLL's LifeVest wearable defibrillator. ZOLL denies that it infringes any claim of the Patents-in-Suit. ZOLL has also asserted affirmative defenses and counterclaims for non-infringement and invalidity. (Docket No. 24).

Presently pending before the Court are multiple *Daubert* motions, including: (1) Philips's Motion to Exclude the Expert Testimony of Dr. Sandor Kovacs, (Docket No. 449); (2) ZOLL's Motion to Exclude the Testimony of Dr. John P. Freese, (Docket No. 452); (3) ZOLL's Motion to Exclude the Testimony of Philips's Damages Expert, Mr. John Jarosz, (Docket No. 453); (4) ZOLL's Motion to Exclude the Testimony of Professor Patrick Wolf, (Docket No. 454); (5) Philips's Motion to Exclude the Improper Expert Testimony of Dr. Wayne McDaniel, (Docket No. 459); (6) Philip's Motion to Exclude the Improper Expert Testimony of Mark J. Chandler, (Docket No. 462).[2] The parties have filed voluminous briefing, declarations, and documents in support of their respective motions. (*See, e.g.*, Docket Nos. 450, 451, 455, 456, 457, 458, 460, 461, 463, 464, 489, 490, 491, 492, 493, 494, 495, 508, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 543, 544, 545, 546, 559, 560, 561, 562, 563, 564, 566, 567, 568, 578, 579, 580, 581, 582, 583, 584, 585, 600, 601, 602, 606, 607, 608, 627, 628, 629, 633, 634, 639, 641, 642, 645, 646, 647, 667, 668, 669, 678, 679).

In light of the complex nature of the Patents-in-Suit, the Court ordered that Special Master Gale R. Peterson prepare a Report and Recommendation as to the pending motions, with the consent of the parties and counsel.[3] (Docket Nos. 424, 513). The Court scheduled oral

---

[2] There are also multiple Motions for Summary Judgment pending. (*See* Docket Nos. 465, 468, 471, 474, 477, 480). A Report and Recommendation as to the Motions for Summary Judgment will be forthcoming in due course.

[3] Mr. Peterson has extensive familiarity with the technology of the patents-in-suit, as he has been involved with this action since the Court appointed him as a Special Master on February 24, 2014. (Docket No. 112). Mr. Peterson has since issued several Reports and Recommendations on discovery issues, such as those related to Rule 30(b)(6)

argument on the parties' *Daubert* and summary judgment motions on January 10, 2017 and on January 11, 2017. (Docket Nos. 680, 681). The parties agreed to present argument only as to Mr. Jarosz and Dr. Kovacs. (Docket Nos. 651, 653, 681). The Court and her clerks were present throughout all of these proceedings and participated with questions to the parties. The Court ordered a transcript of the proceedings, (Docket No. 681), which was filed of record on January 31, 2017, (Docket Nos. 682, 683).

On May 12, 2017, the Special Master filed a 140-page Report and Recommendation on the Parties' *Daubert* Motions. (Docket No. 688). The Special Master recommended that:

- The Court deny Philips's Motion to Exclude the Testimony of Mr. Chandler, (Docket No. 462), without prejudice to later filing a motion in limine.

- The Court deny Philips's Motion to Exclude the Testimony of Dr. Kovacs, (Docket No. 449), without prejudice to later filing a motion in limine.

- The Court deny Philips's Motion to Exclude the Testimony of Dr. McDaniel, (Docket No. 459), with the caution that to the extent that Drs. McDaniel and Berger offer the same opinions based on the same underlying evidence, the testimony of one of those experts may be excluded at trial as being "needless" "cumulative testimony" under Rule 403.
    - To the extent that Drs. McDaniel and Berger rely on differing lines of evidence to reach their conclusions, such that their testimony is complementary rather than redundant, the Court allow such testimony.

---

depositions, (Docket Nos. 185, 240), and on claim construction, (Docket Nos. 204, 360, 371, 400, 406). He has also worked with the parties to resolve their disputes regarding streamlining this case. (*See* Docket Nos. 261, 262, 266).

- o The Court direct ZOLL to coordinate the testimony on direct examination to avoid unnecessary duplication and cumulative evidence.[4]

- The Court deny ZOLL's Motion to Exclude the Testimony of Dr. Freese, (Docket No. 452), as to "patent compliance issues," without prejudice to later filing a motion in limine.

- The Court deny ZOLL's Motion to Exclude the Testimony of Dr. Freese, (Docket No. 452), as to the "clinical value of external defibrillators" issue, but direct Philips to limit Dr. Freese's direct testimony to the "opinions" on this topic within the "four corners" of paragraphs 30-35 of Dr. Freese's report based on Dr. Freese's "personal experience."

- The Court grant, in part, and deny, in part, ZOLL's Motion to Exclude the Testimony of Mr. Jarosz, (Docket No. 453).
  - o The Court exclude the discussion of an alleged reduction in the cost of producing the accused products.
  - o The Court exclude Mr. Jarosz's report and proposed testimony regarding a 50% apportionment rate as expressed in footnote 359 of his report.

- The Court grant, in part, and deny, in part, ZOLL's Motion to Exclude the Testimony of Dr. Wolf, (Docket No. 454), without prejudice to later filing a motion in limine.
  - o The Court deny ZOLL's motion to the extent that it seeks to exclude Dr. Wolf's testimony based on his reports.

---

[4] In accordance with Rule 1, which directs the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding," FED. R. CIV. P. 1, the Court has "wide discretion to manage its docket," *N'Jai v. Bentz*, No. 13-CV-1212, 2016 U.S. Dist. LEXIS 78029, at *8 (W.D. Pa. June 14, 2016).

- o The Court grant ZOLL's motion solely with respect to Mr. Jarosz's statement in the paragraph bridging pages 64 and 65 of his report, beginning with "Furthermore."

(Docket No. 688 at 137-38).  The parties filed their respective objections to the Report and Recommendation on May 26, 2017.  (Docket Nos. 693, 694).  The parties also filed extensive briefing, declarations, and documents in support of their respective objections.  (*See* Docket Nos. 695, 696, 697, 698, 699, 700, 705, 706, 707, 708, 709, 710, 713, 716).  Having reviewed and considered all of these filings, the Court now turns to its analysis and rulings.

Legal Standard

A District Court reviews a Special Master's Report and Recommendation *de novo*.  FED. R. CIV. P. 53(f)(3) ("The court must decide de novo all objections to findings of fact made or recommended by a master," unless the parties stipulate, with court approval, that findings will be reviewed for clear error or will be final.); FED. R. CIV. P. 53(f)(4) ("The court must decide de novo all objections to conclusions of law made or recommended by a master."); *see also Arneault v. O'Toole*, No. 11-CV-95, 2016 U.S. Dist. LEXIS 166408, at *8 (W.D. Pa. Dec. 2, 2016).

Discussion

ZOLL objects to the Special Master's report and recommendation as to Mr. Jarosz. (Docket No. 693).  Philips objects to the Special Master's report and recommendation as to Mr. Jarosz and Dr. Wolf.  (Docket No. 694).  Philips also requests clarification on the Special

Master's recommendation as to Dr. Freese and seeks to supplement its expert report on issues related to damages. (*Id.*). The Court will address each proposed expert, in turn.

  a. <u>Mr. John Jarosz</u>

  The Special Master recommends that the Court grant, in part, and deny, in part, ZOLL's Motion to Exclude the Testimony of Mr. Jarosz. Specifically, the Special Master recommends that the Court exclude the discussion of an alleged reduction in the cost of producing the accused products and that the Court exclude Mr. Jarosz's report and proposed testimony regarding a 50% apportionment rate as expressed in footnote 359 of his report. (Docket No. 688 at 137).

  ZOLL objects by first arguing that Mr. Jarosz should not be permitted to base his damages analysis on a $400.00 price premium for the WCD 3000 because the supporting evidence is for "list" prices, not actual prices. (Docket No. 693 at 5-7). The Court overrules ZOLL's objection, as this is a matter for cross-examination and counter evidence to attack Philips's damages calculations before the trier of fact. *See, e.g., Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, 986 F. Supp. 2d 574, 618 (W.D. Pa. Sept. 23, 2013) (explaining that "[a]ny alleged discrepancies between [the expert's] . . . report and trial testimony were addressed during cross-examination, and, as such, went towards the ultimate weight of his opinion, as determined by the jury") (citing *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") (internal quotations omitted)). ZOLL next objects by asserting that Mr. Jarosz did not base his analytical damages analysis on profitability. (Docket No. 693 at 5-7). The Court disagrees and again overrules ZOLL's objection because, as the Special Master has concluded, Mr. Jarosz conducted a profitability analysis in his report. (Docket No. 688 at 96-

109).  Finally, ZOLL objects on the basis that Mr. Jarosz did not use the smallest salable patent practicing unit ("SSPPU").  (Docket No. 693 at 7-10).  The Court agrees with the Special Master's determination that the SSPPU is the accused LifeVest and that this case is not one involving the Entire Market Value Rule.  (Docket No. 688 at 83-95).  Accordingly, the Court overrules all of ZOLL's objections as to Mr. Jarosz.

Philips objects on the basis that Mr. Jarosz's 50% apportionment opinion included in footnote 359 of his report should not be excluded.  (Docket No. 694 at 10-17).  The Court overrules Philips's objection, as it agrees with the Special Master's assessment that "Mr. Jarosz was unable to articulate any precise basis for the 50% reduction during his deposition, and it seems fair to say that, based on his report and his deposition, that was an entirely subjective percentage that Mr. Jarosz applied based on materials he had reviewed."  (Docket No. 688 at 105).  Indeed, Mr. Jarosz offers no objective support for his 50% apportionment rate and, therefore, will not be permitted to testify regarding same.  *See, e.g.*, *Dzielak v. Whirlpool Corp.*, 2017 U.S. Dist. LEXIS 39232, at *7 (D.N.J. Mar. 17, 2017) (explaining that an expert's opinion must "be based on the methods and procedures of science rather than on subjective belief or unsupported speculation.") (internal quotations omitted); *see also LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 69 (Fed. Cir. 2012) (finding that the expert's one-third apportionment "appear[ed] to have been plucked out of thin air" and that he "offer[ed] no credible economic analysis to support [his] conclusion") (internal quotations omitted).

In addition to overruling Philips's objection, and, here, parting ways with the Special Master, the Court holds that Mr. Jarosz may not testify about the importance of the patents-at-issue to the development of the WCD 3000 or his discussion with Dr. Wolf, (*see id.*), as such

testimony is irrelevant to his damages calculations.[5] Further, Mr. Jarosz may not offer testimony with respect to the patented features being a "significant driver" of the "majority of" the value of the WCD 3000. Specifically, the Court finds that because Mr. Jarosz will not be permitted to offer the jury an ultimate apportionment opinion, testimony regarding the relative importance and value of certain allegedly patented features of the WCD 3000 from this damages expert is misplaced. Not only is such testimony irrelevant, but it is also prejudicial because the jury, when asked to determine what portion of Mr. Jarosz's total damages number it believes is attributable to the patented technology, would assign a 50%, or likely higher, apportionment rate.[6] For these same reasons, the Court denies Philips's request that Mr. Jarosz be permitted to present his royalty range and ultimate damages assessment so long as a 50% calculation is not discussed. (*See* Docket No. 694 at 17-18).[7] The Court similarly denies Philips's request to supplement its expert reports on issues related to damages with respect to Mr. Jarosz. (*Id.* at 34).[8] Accordingly, the Court overrules all of Philips's objections as to Mr. Jarosz.

---

[5] Despite the fact that experts may rely upon their reports and prior testimony, *see infra* n.10, Mr. Jarosz attempts to rely upon an undocumented conversation. The parties and the experts in this matter are well skilled, are not novices, and have been involved in extensive litigation. Hence, the Court remains puzzled as to why such an important conversation would not have been documented. *See, e.g.*, *Lava Trading, Inc. v. Hartford Fire Ins. Co.*, No. 03-CV-7037, 2005 U.S. Dist. LEXIS 4566, at *46, 55 (S.D.N.Y. Feb. 14, 2005) (noting that the plaintiff's damages expert adopted the plaintiff's proffered numbers after having "eyeballed" them and having had undocumented discussions with the plaintiff's representative and concluding that his approach to loss estimation did not meet the basis reliability criteria of Rule 702).

[6] To be clear, because Philips acknowledges that the $400.00 price increase between the WCD 2000 and the WCD 3000 accounts for both patented and unpatented features, further apportionment of Mr. Jarosz's total damages will still be required at trial.

[7] On July 13, 2017, the Court discussed these rulings with the Special Master, who agreed. (*See* Docket No. 717).

[8] To this end, the Court notes that multiple scheduling orders setting forth and extending deadlines for expert disclosures and expert discovery have been entered in this matter, with input from counsel to the parties. (*See* Docket Nos. 97, 220, 267, 292, 295, 423). As noted, Mr. Jarosz is not a novice. (*See* Docket No. 495-3 at 107). He is attuned to litigation, as he has repeatedly testified in patent cases, (*see id.* at 108-25), as well as trade secret, trademark, copyright, breach of contract, antitrust, general tort, international trade, and malpractice cases, (*see id.* at 125-34). This matter, which has been pending for nearly five years, has sophisticated counsel on both sides of the dispute. Additionally, Philips has had the benefit of having the same counsel since September 2012. As such, the Court questions why a supplement was not sought earlier. Indeed, Philips did not seek to enlarge the time to submit

### b. *Dr. Patrick Wolf*

The Special Master recommends that the Court grant, in part, and deny, in part, ZOLL's Motion to Exclude the Testimony of Dr. Wolf. The Special Master recommends that the Court deny ZOLL's Motion to the extent that it seeks to exclude Dr. Wolf's testimony based on his report and grant the Motion solely with respect to Mr. Jarosz's statement in the paragraph bridging pages 64 and 65 of his report, beginning with "Furthermore," and concerning Mr. Jarosz's opinion, based solely upon a conversation with Dr. Wolf, that every component of the WCD 3000 was likely smaller, lighter, and less costly as a result of the patented technology. (Docket No. 688 at 137-38).

Philips asserts that the Special Master erred by recommending exclusion of certain testimony after finding that ZOLL's *Daubert* motion would be better resolved as a motion in limine. (Docket No. 694 at 18). As previously pointed out, this matter has been pending for nearly five years. Because the resolution of *Daubert* issues can only advance this litigation, the Court cannot conclude that the Special Master committed a legal error in his Report and Recommendation by recommending that certain testimony be excluded while also recognizing that a motion in limine may be required to fine-tune the parameters of a witness's testimony.[9] Further, the Court finds that Dr. Wolf is qualified to testify regarding the technology and its benefits.

Philips also objects to the Special Master's substantive findings. (*Id.* at 19-23). The Court, however, agrees with the Special Master's well-reasoned analysis. Thus, the Court will

---

reports after the claims construction and supplemental claims construction phases of this litigation, instead waiting until this phase of the litigation. At some point, enough is enough. Here, the Court has reached that point.

[9] The Court's trial Order will permit the parties to file motions in limine. *See* Practices and Procedures of Judge Nora Barry Fischer § II.I, Effective Mar. 23, 2010, *available at* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf; *see also N'Jai*, 2016 U.S. Dist. LEXIS 78029, at *8 (noting that the Court has "wide discretion to manage its docket").

adopt the Special Master's Report and Recommendation but notes that, should a motion in limine be filed, the Court would be inclined to conclude that Dr. Wolf may testify with respect to his size and weight reduction opinions but that he may not testify regarding the decreased cost of the components opinion due to a lack of foundation for that latter opinion based on the record presently before the Court.

Finally, Philips contends that Mr. Jarosz's citation to a conversation with Dr. Wolf where the substance of the conversation was not documented does not violate Rule 26. (Docket No. 694 at 23-24). Philips's objection is moot, as the Court has held that Mr. Jarosz may not testify with respect to his discussion with Dr. Wolf.[10] Accordingly, the Court overrules all of Philips's objections as to Dr. Wolf.

    c. *Dr. John P. Freese*

The Special Master recommends that the Court deny ZOLL's Motion to Exclude the Testimony of Dr. Wolf as to the "patient compliance" issues, without prejudice to later filing a motion in limine. He also recommends that the Court deny ZOLL's Motion as to the "clinical value of external defibrillators" issue, but direct Philips to limit Dr. Freese's direct testimony to the "opinions" on this topic within the "four corners" of paragraphs 30-35 of Dr. Freese's report based on Dr. Freese's "personal experience." (Docket No. 688 at 137-38).

Without asserting an objection, Philips requests clarification as to Dr. Freese's testimony that may be offered at trial. (Docket No. 694 at 24-34). The Court agrees in whole with the Special Master's recommendation and, therefore, denies Philips's request for clarification.[11] The

---

[10] *See supra*, page 7.

[11] Initially, the Court notes that when this matter is set for trial, the Court will issue a pretrial order. *See* Practices and Procedures of Judge Nora Barry Fischer § III.E, Effective Mar. 23, 2010, *available at* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf. To protect the parties from prejudice, the Court will order the parties to file detailed final witness lists that include proffers for each witness. The Court also notes that if it is presented with a motion in limine regarding the WEARIT article, the Court would be inclined to permit

Court also denies Philips's request to supplement its expert reports on issues related to patient compliance with respect to Dr. Freese.[12]  Philips asserts an objection to the Special Master's conclusion that Dr. Freese's testimony on the clinical value of external defibrillators should be limited to the opinions "within the 'four corners' of paragraphs 30-35." (*Id.* at 32 (quoting Docket No. 688 at 77)).  The Court again agrees with the Special Master's recommendation that Dr. Freese's testimony be confined to his report and deposition.  *See, e.g.*, *Bizich*, 2013 U.S. Dist. LEXIS 90282, at *10-11 (explaining that "experts may testify as to matters outside the report if that information was within the scope of the report, and does not present unfair surprise to the objecting party" and that "[m]atters outside of this scope . . . must be excluded"); *Carnegie Mellon Univ.*, 986 F. Supp. 2d at 616-19.  Accordingly, the Court overrules Philips's objections as to Dr. Freese.

For these reasons,

IT IS HEREBY ORDERED as follows:

1. Koninklijke Philips's Motion to Exclude the Testimony of Mark J. Chandler, (Docket No. 462), is DENIED, without prejudice to later filing a motion in limine.

2. Koninklijke Philips's Motion to Exclude the Testimony of Dr. Sandor Kovacs, (Docket No. 449), is DENIED, without prejudice to later filing a motion in limine.

3. Koninklijke Philips's Motion to Exclude the Testimony of Dr. Wayne McDaniel, (Docket No. 459), is DENIED, with the caution that to the extent that Dr. McDaniel

---

reference to and reliance upon same, which was discussed during Dr. Freese's deposition.  Dr. Freese is also qualified to testify about his first-hand experience with patient compliance issues.  *See, e.g.*, *Bizich v. Festival Fun Parks, LLC*, No. 11-CV-861, 2013 U.S. Dist. LEXIS 90282, at *10-11 (W.D. Pa. June 27, 2013) (explaining that "experts may testify as to matters outside the report if that information was within the scope of the report, and does not present unfair surprise to the objecting party" and that "[m]atters outside of this scope . . . must be excluded").

[12] To this end, like Mr. Jarosz, Dr. Freese is well schooled and has extensive work experience in emergency medicine.  (*See* Docket No. 699-6 at 22-23).  As noted above, Philips's counsel is sophisticated and has represented Philips since September 2012.  Further, Philips did not seek to amend Dr. Freese's report and/or enlarge the time to submit reports after the claims construction phases of this litigation.

and Dr. Ronald Berger offer the same opinions based on the same underlying evidence, the testimony of one of those experts would be excluded at trial as being "needless," "cumulative testimony" under Federal Rule of Evidence 403.

  a. To the extent that Drs. McDaniel and Berger rely on differing lines of evidence to reach their conclusions, such that their testimony is complementary rather than redundant, the Court will allow such testimony.

  b. ZOLL LifeCor is directed to coordinate the testimony on direct examination to avoid unnecessary duplication and cumulative evidence, pursuant to Federal Rule of Evidence 403.

4. ZOLL LifeCor's Motion to Exclude the Testimony of Dr. John P. Freese, (Docket No. 452), is DENIED, as follows:

  a. With respect to "patient compliance issues," ZOLL LifeCor's Motion is DENIED, without prejudice to later filing a motion in limine.

  b. With respect to the "clinical value of external defibrillators" issue, ZOLL LifeCor's Motion is DENIED, but Koninklijke Philips is directed to limit Dr. Freese's direct testimony to the "opinions" on this topic within the "four corners" of paragraphs 30-35 of Dr. Freese's report based on Dr. Freese's "personal experience."

5. ZOLL LifeCor's Motion to Exclude the Testimony of Mr. John Jarosz, (Docket No. 453), is GRANTED, in part, and DENIED, in part, as follows:

  a. The discussion of an alleged reduction in the cost of producing the accused products is EXCLUDED.

    b. The 50% apportionment rate as expressed in footnote 359 of Mr. Jarosz's report is EXCLUDED.

    c. The discussion of the importance of the patents-at-issue, Mr. Jarosz's conversation with Dr. Patrick Wolf, and the patented features being a "significant driver" of the "majority of" the value of the WCD 3000 are EXCLUDED.

    d. ZOLL LifeCor's Motion is DENIED in all other respects.

6. ZOLL LifeCor's Motion to Exclude the Testimony of Dr. Patrick Wolf, (Docket No. 454), is GRANTED, in part, and DENIED, in part, as follows:

    a. ZOLL LifeCor's Motion is DENIED to the extent that it seeks to exclude Dr. Wolf's testimony based on his reports.

    b. ZOLL LifeCor's Motion is GRANTED solely with respect to Mr. Jarosz's statement in the paragraph bridging pages 64 and 65 of his report, beginning with "Furthermore."

    c. ZOLL LifeCor's Motion is DENIED in all other respects.

7. ZOLL LifeCor's Objections, (Docket No. 693), are OVERRULED.

8. Koninklijke Philips's Objections, (Docket No. 694), are OVERRULED.

9. The Report and Recommendation of Special Master Gale R. Peterson, (Docket No. 688), is otherwise adopted as the opinion of this Court.

                                                              *s/Nora Barry Fischer*
                                                              Nora Barry Fischer
                                                              United States District Judge

Date:  July 25, 2017

cc/ecf:  Special Master Gale R. Peterson
            All Counsel of Record