IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ZOLL LIFECOR CORPORATION,<br><br>Defendant. | Civil No. 12-1369<br>Judge Nora Barry Fischer |

## Memorandum Opinion

Now pending before the Court is Defendant ZOLL LifeCor's ("ZOLL") Motion for Show Cause Order Regarding Post-*Daubert* Damages and supporting attachments, filed on September 5, 2017. (Docket No. 724). Plaintiff Koninklijke Philips ("Philips") filed a response and supporting attachments on September 20, 2017. (Docket No. 738). On September 27, 2017, ZOLL filed a reply brief and supporting attachments. (Docket No. 742). Philips filed a sur-reply on September 29, 2017, to which ZOLL filed a sur-reply on October 2, 2017. (Docket Nos. 745, 748). Upon Philips's request, the Court held oral argument on October 13, 2017. (Docket Nos. 750, 751). Because the parties will conclude their current settlement negotiations by November 3, 2017, the Court issued its Order immediately after oral argument on October 13, 2017, noting that a written opinion would follow. (Docket No. 752). Specifically, the Court granted ZOLL's motion, ordering Philips to identify the amount and evidentiary basis of record, and/or whether the record requires supplementation, for any damages claim that Philips believes may have survived this Court's Memorandum Order and Opinion regarding the parties' *Daubert* Motions, on or before October 20, 2017, at 5:00 p.m. (*Id.*). In support of its Order, the Court's analysis follows.

1

Factual and Procedural History[1]

Philips brings this civil action against ZOLL for patent infringement under 35 U.S.C. § 271. The patents in suit are U.S. Patent Nos. 5,593,427; 5,607,454; 5,735,879; 5,749,904; 5,749,905; 5,803,927; 5,836,978, and 6,047,212 (the "Patents-in-Suit"). These patents are directed at electrotherapy methods for defibrillators, allegedly including ZOLL's LifeVest wearable defibrillator. ZOLL denies that it infringes any claim of the Patents-in-Suit. ZOLL has also asserted affirmative defenses for non-infringement and invalidity. (Docket No. 24).

Presently pending before the Court is ZOLL's Motion for Show Cause Order Regarding Post-*Daubert* Damages. In its motion, ZOLL requests that Philips be required to identify the amount and evidentiary basis for any damages claim that may have survived the Court's *Daubert* Order dated July 25, 2017. (Docket No. 718). In its *Daubert* Order, the Court granted, in part, and denied, in part, ZOLL's motion to exclude the testimony of Mr. John Jarosz, Philips's damages expert. (*Id.* at 12-13). Specifically, the Court excluded the following: (1) Mr. Jarosz's discussion of an alleged reduction in the cost of the accused products; (2) the 50% apportionment rate as expressed in footnote 359 of Mr. Jarosz's report; and (3) the discussion of the importance of the patents-at-issue, Mr. Jarosz's conversation with Dr. Patrick Wolf, and the patented features being a "significant driver" of the "majority of" the value of the WCD 3000. (*Id.*). The Report and Recommendation of Special Master Gale R. Peterson, (Docket No. 688), was otherwise adopted as the Court's opinion.[2] (*Id.* at 13). As noted above, ZOLL's motion has been fully briefed, and the Court heard oral argument at Philips's request on October 13, 2017.

---

[1] For more on this litigation saga's history, *see Koninklijke Philips, N.V. v. Zoll Medical Corporation*, No. 10-11041 (D. Mass. filed June 18, 2010); *Koninklijke Philips, N.V. v. Zoll Medical Corporation*, No. 12-12255 (D. Mass. filed Dec. 5, 2012).

[2] In its Order, the Court issued several other rulings. (*See* Docket No. 718). For purposes of ZOLL's instant motion, however, only the Court's findings as to Mr. Jarosz are pertinent.

2

(Docket Nos. 750, 751). The Court granted ZOLL's motion after argument, ordering Philips to comply with the Court's Order by October 20, 2017, at 5:00 p.m. (Docket No. 752). The Court now turns to the analysis of its Order granting ZOLL's motion.

Legal Standard

Although this matter is a patent case, it is governed by the law applicable in the United States Court of Appeals for the Third Circuit. To this end, Federal Rules of Civil Procedure 16 and 26 are applicable. Rule 16 provides, in relevant part, that a case management order may "modify the timing of disclosures under Rules 26(a) and 26(e)(1)." FED. R. CIV. P. 16(b)(3)(B)(i). In pertinent part, Rule 26 provides:

> (a) Required Disclosures.
>
> > (1) Initial Disclosure.
> >
> > > (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> > >
> > > * * *
> > >
> > > (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

FED. R. CIV. P. 26(a)(1)(A)(iii). In applying Rule 26, courts have understood "computation" to require "a specific computation of a plaintiff's damages," which includes "a disclosure of evidentiary material upon which the category of damages is based." *Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2013 U.S. Dist. LEXIS 113674, at *3 (M.D. Pa. Aug. 13, 2013) (internal quotations omitted). The computation "requires at least some analysis," and "simply reciting a

3

dollar figure clearly is not enough." *Id.* at *3-4. However, the rule "does not place a great burden on the plaintiff" because "the plaintiff needs only to disclose what those damages are and how they were calculated." *Id.* at *4-5. "The plaintiff must merely disclose the best information available concerning the claim, however limited and potentially changing it may be." *Id.* at *5 (internal quotations omitted).

> With respect to the supplementation of disclosures and responses, Rule 26 provides that
>
> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B) as ordered by the court.

FED. R. CIV. P. 26(e)(1)(A)-(B). As to expert witnesses, Rule 26 provides that "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." FED. R. CIV. P. 26(e)(2). To satisfy Rule 26(e)(2), a plaintiff "must disclose a computation of each category of damages using the 'best information available' at the present time, and supplement that information as it becomes available." *Stemrich*, 2013 U.S. Dist. LEXIS 113674, at *10.

> Pursuant to 35 U.S.C. § 284:
>
> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.
>
> When the damages are not found by a jury, the court shall assess them.

4

> The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances.

35 U.S.C. § 284; *see also* 4 Annotated Patent Digest § 30:12 ("The Patent Act specifically provides that a district court may receive expert testimony on the issue of damages for patent infringement. . . . . The use of expert testimony is permissive. Thus, if a patentee's damage expert is excluded, that fact does not automatically deny a patentee a right to recover damages."). The United States Court of Appeals for the Federal Circuit has explained that 35 U.S.C. § 284 "is unequivocal that the district court must award damages in an amount no less than a reasonable royalty." *Dow Chem. Co. v. Mee Indus.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003). However, "the district court's obligation to award some amount of damages 'does not mean that a patentee who puts on little or no satisfactory evidence of a reasonable royalty can successfully appeal on the ground that the amount awarded by the court is not'reasonable and therefore contravenes section 284.'" *Id.* at 1382 (quoting *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1407 (Fed. Cir. 1990)). In the event that an infringement of claims is proven, then "the district court should consider the so-called *Georgia-Pacific* factors (*Ga.-Pac., Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)) in detail, and award such reasonable royalties as the record evidence will support." *Id.*

Discussion

    a. *Philips's Computation of Damages*

Having carefully considered the parties' respective briefing, along with the arguments presented at the hearing on October 13, 2017, the Court finds that Philips is required to identify

5

the amount and evidentiary basis for any damages claim that it believes may have survived the Court's Order regarding the parties' *Daubert* motions.

The Court held a Case Management Conference in this matter over four years ago, on October 1, 2013. (Docket No. 96). Following the conference, the Court entered a Case Management Order, which provided that "[e]ach party shall make its initial expert witness disclosures required by Federal Rule of Civil Procedure 26 on issues for which it bears the burden of proof by **August 15, 2014**," and that "[e]ach party shall make its rebuttal expert witness disclosures required by Federal Rule of Civil Procedure 26 on the issues for which the opposing party bears the burden of proof by **September 15, 2014**." (Docket No. 97 at 1 (emphasis in original)). This Court *routinely* advises counsel of their continuing duty to supplement their disclosures.

Philips provided ZOLL with its Rule 26 disclosures on February 28, 2013, before the Court held the Case Management Conference. (*See* Docket No. 724-2). In a section entitled "Computation of Damages," Philips stated:

> Philips seeks to recover damages due to Zoll LifeCor's infringement, as well as to recover other available relief as set forth in its September 21, 2012, Complaint, including prejudgment and post-judgment interest under 35 U.S.C. § 284, and other such relief deemed appropriate. But the amount and type of Philips's damages in this case depends on information in Zoll LifeCor's possession concerning the sales, marketing, and profitability of Zoll LifeCor's wearable chest defibrillators. *Accordingly, and consistent with Fed. R. Civ. P. 26, Philips will reasonably supplement this information as it becomes available during discovery*.

(*Id.* at 7 (emphasis added)). In its first set of interrogatories, ZOLL requested the following in Interrogatory No. 5:

> State what damages and/or other relief to which Philips believes it is entitled, including any lost profits, reasonable royalties, or other relief, for ZOLL LIFECOR's alleged infringement of the Asserted Philips Patents, including, but not limited to, the nature and amount of damages, the method of computation, the actual computation, the legal basis of each computation, and each fact and

document which supports each computation. In so doing, include an analysis of the *Georgia-Pacific* factors (*Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970)), any reasonable royalty rate(s) or per unit rate(s) used to calculate the damages amount, the rate at which Philips contends prejudgment interest should be calculated, and the amount Philips contends it should be awarded for prejudgment interest. If Philips plans to pursue a lost profits theory, specify which Philips products compete with the Accused ZOLL LIFECOR Products, as well as their first date of sale.

(Docket No. 724-3 at 7). In its response, which was provided on April 2, 2014, Philips stated:

Plaintiffs object to this interrogatory as overbroad and premature. Specifically, Plaintiffs object to this interrogatory as premature given the early stage of this litigation and to the extent that it calls for expert discovery and expert opinion. ZOLL Lifecor has not yet provided Plaintiffs damages discovery, such as discovery responsive to the requests detailed in Plaintiffs' First Set of Requests for the Production of Documents and Things. *Plaintiffs will supplement its response as necessary at the appropriate time* and produce and identify responsive, non-privileged documents in its possession pursuant to Fed. R. Civ. P. 33(d), from which the requested information can be determined, to the extent any exist.

(*Id.* (emphasis added)). Similarly, on June 9, 2014, Philips refused to produce a witness in response to ZOLL's Rule 30(b)(6) deposition topics that were directed to Philips's ultimate damages theories. (Docket No. 724-4 at 13-15). Indeed, Philips stated, "In addition to the General Objections, Plaintiffs object to this topic as calling for legal conclusions and expert testimony. Plaintiffs will not provide a witness on this topic as written," in response to each of the following topics:

(1) "The royalty structure that Philips contends would be reasonable for any alleged infringement of any of the Asserted Philips Patents, and the basis and evidence relating thereto;"

(2) "The royalty rate that Philips contends would be reasonable for any alleged infringement of any of the Asserted Philips Patents, and the basis and evidence relating thereto;"

(3) "The royalty base that Philips contends is proper for any alleged infringement of any of the Asserted Philips Patents, and the basis and evidence relating thereto;"

7

(4) "Any evidence relating to a reasonable royalty rate, including but not limited to, evidence relating to a reasonable royalty derived from the Georgia-Pacific factors, an analytical approach, a Nash bargaining solution, or any other theory that Philips contends is applicable;" and

(5) "The amount of revenue, unit sales, and profits that Philips contends it would have made but for ZOLL LifeCor's alleged infringement and the basis for such contention."

(*Id.*). After this Court issued its *Daubert* Order on July 25, 2017, ZOLL's counsel sent an e-mail to Philips's counsel on August 8, 2017, requesting that Philips provide "an explanation for the basis and amount of any damages claim you believe may have survived the Daubert ruling." (Docket No. 724-1 at 2). In response, Philips did not identify any new damages amount and argued only that "the jury will ultimately determine what damages are owed in light of the evidence presented." (*Id.*).

Despite Philips's representations that it would supplement information related to the computation of damages, it is apparent that Philips has not done so. In this Court's estimation, not only should Philips have supplemented its disclosures throughout the course of this litigation, which has been ongoing for over five years, but Philips should have immediately provided ZOLL with the basis and amount of its damages claim after the Court issued its *Daubert* Order. Instead, Philips did nothing. Indeed, Philips did not amend its Rule 26 disclosures until September 20, 2017, over two weeks after ZOLL filed the instant motion and nearly two months after the Court issued its *Daubert* Order. (*See* Docket No. 738-3). As to the computation of damages, Philips stated:

> Philips seeks to recover damages due to ZOLL Lifecor's infringement, as well as to recover other available relief as set forth in its September 21, 2012, Complaint, including prejudgment and post-judgment interest under 35 U.S.C. § 284, and other such relief deemed appropriate. Philips will rely on relevant evidence such as ZOLL Lifecor public and internal documentation related to its LifeVest products, ZOLL Lifecor financial information, licensing information, and other relevant evidence and considerations. For example, Philips will present testimony

8

> from its witnesses related to the LifeVest and its features, including testimony from Mr. Jack Richbourg, Ms. Dawn Jorgenson, and Dr. Greg Ayers. Philips may also present testimony from ZOLL Lifecor witnesses, including Mr. Steven Szymkiewicz. Philips will also present additional testimony from Dr. Patrick Wolf related to the patented inventions and from Dr. John Freese and Dr. Mela Theofanie related to clinical issues associated with the patented inventions. Mr. John Jarosz will present the incremental benefits associated with the release of the WCD 3000 as well as related evidence and considerations, as outlined in his expert report. After considering the relevant evidence, the jury will determine the royalty associated with the patented features and the overall damages that ZOLL Lifecor owes to Philips.

(*Id.* at 9). Philips supplementation is woefully inadequate. Philips does not identify any damages number and instead points only to several witnesses without any explanation as to how they may contribute to any calculation of damages. (*Id.*).[3] To this end, the Court notes that its *Daubert* Order stated:

> [M]ultiple scheduling orders . . . have been entered in this matter, with input from counsel to the parties. . . . . This matter, which has been pending for [*over*] five years, has sophisticated counsel on both sides of the dispute. Additionally, Philips has had the benefit of having the same counsel since September 2012.

(Docket No. 718 at 8 n.8 (emphasis added)). This, the Court finds that Philips failed to sufficiently supplement information related to the computation of its alleged damages.

The Court's conclusion is supported by well-settled law. As noted above, a "computation" that complies with Rule 26 requires "a specific computation of a plaintiff's damages," which includes "a disclosure of evidentiary material upon which the category of damages is based." *Stemrich*, 2013 U.S. Dist. LEXIS 113674, at *3. The computation "requires at least some analysis," and "simply reciting a dollar figure clearly is not enough." *Id.* at *3-4. "Put summarily, the plaintiff needs to provide the defendants with an initial estimate as to their claimed damages and at least 'some analysis' of how the relevant facts lead to that dollar figure." *In re Oakwood Homes Corp.*, 340 B.R. 510, 541 (Bankr. D. Del. 2006). Although "this is not

---
[3] Two of the witnesses have not been previously deposed, and one witness was deposed on June 12, 2014, in the Massachusetts action. *See supra* n.1. The Court will address Philips's arguments as to these three witnesses *infra*.

such an onerous task," Philips's "vague disclosures fall far short of the 'computation' requirement." *Id.* at 539, 541 (noting that Rule 26(a) "does not place a great burden on the plaintiff" because "all the claimant needs to do is sit down and calculate the damages that are claimed") (internal quotations and alterations omitted).

Within this District, courts have required plaintiffs to disclose "any evidentiary material upon which the computation of damages is based." *N. Am. Communs., Inc. v. Sessa*, No. 14-CV-227, 2015 U.S. Dist. LEXIS 131549, at *30-31 (W.D. Pa. Sept. 29, 2015) (granting motion to compel initial disclosures where the plaintiff "failed to provide a dollar figure or any analysis regarding its computation of damages" and supplied "no proffered reason why [it] cannot provide Defendant with the computation of its damages"); *see also Stemrich*, 2013 U.S. Dist. LEXIS 113674, at *9-10 (holding that "Plaintiffs must disclose a computation of each category of damages using the 'best information available' at the present time, and supplement that information as it becomes available," because "the court will not accept that Plaintiffs have absolutely no clearer computation").

As discussed above, this matter is governed by the law applicable in the Third Circuit. That said, cases within the patent arena have similarly required disclosures of the computation of damages. For example, in granting a motion in limine to exclude the defendant from making reference to its damages, the District Court found that the defendant "ha[d] not supplemented its Rule 26(a) disclosures or identified any damage computations or supporting documents following the submission of its initial disclosures." *Brandt Indus. v. Pitonyak Mach. Corp.*, No. 10-CV-857, 2012 U.S. Dist. LEXIS 131096, at *5 (S.D. Ind. Sept. 12, 2012); *see also Veritas Operating Corp. v. Microsoft Corp.*, No. 06-CV-703, 2008 U.S. Dist. LEXIS 35627, at *24, 77 (W.D. Wash. Jan. 17, 2008) (explaining that "[a] year is ample time to identify a damages

10

category, conduct a damages analysis and compute damages" and holding that "[w]ith respect to the evidence that Microsoft now urges in its brief, and any other evidence that Microsoft may offer in support of damages claim . . . mere recitation and bare analysis of those facts does not, at this stage, cure Microsoft's failure to disclose any computation of damages or any other damages analysis as required by the rules").

Courts outside this jurisdiction and the patent arena have likewise required parties to disclose the computation of damages. For example, in *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d 2006), after the plaintiff asserted that the calculation of damages would be "simple arithmetic," the District Court held that the plaintiff had not complied with Rule 26 because it did not provide any justification for its failure to provide a damages calculation. On appeal, the Court of Appeals for the Second Circuit explained that: (1) the record "[did] not reflect any supplemental disclosures as required by Rule 26(e);" (2) "Rule 26(a) requires more than providing -- without any explanation -- undifferentiated financial statements; it requires a 'computation,' supported by documents;" (3) "Rule 26(a) requires a party to provide a computation of any category of damages voluntarily, i.e., 'without awaiting a discovery request;'" and (4) "Rule 26(a) requires a party -- in addition to providing a calculation of damages -- to make 'available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which such computation is based.'" *Id.* at 295. Because the plaintiff failed to disclose both a calculation of damages *and* the documents supporting that calculation," the Second Circuit affirmed the District Court. *Id.* at 296 (emphasis in original). *See also Silicon Knights, Inc. v. Epic Games, Inc.*, No. 07-CV-275, 2012 U.S. Dist. LEXIS 63707, at *11-12 ("Disclosing damages-related documents alone, without disclosing a computation based on such documents, does not satisfy a party's Rule 26(a)(1)(A)(iii)

11

obligation.") (citing *Gillum v. ICF Emergency Mgmt. Servs., L.L.C.*, No. 08-CV-314, 2009 U.S. Dist. LEXIS 43344, at *8 (M.D. La. May 21, 2009) (holding that "vague assertions of damages" contained in interrogatory answers do not fulfill a party's Rule 26(a)(1)(A)(iii) obligation)); *Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004) (concluding that under Rule 26 "defendant [was] entitled to a specific computation of plaintiff's damages and [was] entitled to . . . the documents and other evidentiary material on which such computation is based" and holding that "[i]f plaintiff fails to comply, it will not be permitted to present any damages calculations regarding future medical expenses at trial");

As a final matter, the Court notes that practice guides support the Court's decision. To this end, the Wagstaffe Group Practice Guide: Federal Civil Procedure Before Trial provides that "[t]he parties are required to disclose 'a computation of each category of damages' claimed—including counterclaims and cross-claims—*and* to make available for copying any nonprivileged documents or evidentiary materials on which the damage calculation is based." James M. Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 11:280 (Nat'l ed. 2017) (quoting FED. R. CIV. P. 26(a)(1)(A)(iii)) (emphasis in original). The Wagstaffe Guide further comments that "[t]o make the disclosure obligation meaningful, a more detailed specification of damages is required." *Id.* at § 11:281. As to the specificity of the computation, the Wagstaffe Guide states that "Plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail to *enable each defendant to understand its potential exposure* and make informed decisions as to settlement and discovery." *Id.* at 11:281.10 (emphasis in original). "[T]he party claiming damages must make available for inspection and copying by the other 'the documents or evidentiary material . . . *on which each*

*computation is based*' just as if there had been a formal request for production under Rule 34."
*Id.* at § 11:282 (quoting FED. R. CIV. P. 26(a)(1)(A)(iii)) (emphasis in original).

    b. *Philips's Undisclosed Witnesses*

As discussed above, Philips stated at argument that it will make available Dawn Jorgenson and Greg Ayers for depositions. Philips also stated that another witness, Jack Richbourg, will testify at trial. Mr. Richbourg was deposed on June 12, 2014, in the Massachusetts action. *See supra* n.1. ZOLL contends that, through its statements, Philips has requested that discovery be reopened, while Philips denies same. In any event, the Court finds that the issue of Philips's undisclosed witnesses is premature, given the lack of detail as to damages calculations and support, which must be supplied first and at this time.

For these reasons, Philips shall comply with the Court's Order entered on October 13, 2017, (Docket No. 752), requiring Philips to identify the amount and evidentiary basis of record, and/or whether the record requires supplementation, for any damages claim that Philips believe may have survived this Court's Memorandum Order and Opinion regarding the parties' *Daubert* Motions, on or before **October 20, 2017, at 5:00 p.m.**

                                                         *s/Nora Barry Fischer*
                                                         Nora Barry Fischer
                                                         United States District Judge

Date:  October 20, 2017

cc/ecf:  Special Master Gale R. Peterson
        All Counsel of Record